In the Matter of David NICHOLS and Pamela Nichols, Nichols Construction, Debtors.

FIRST NATIONAL BANK IN FORT MYERS, a National Banking Corp., Plaintiff,

v.

David NICHOLS, Defendant.

Bankruptcy No. 80–1846.

United States Bankruptcy Court, M. D. Florida, Tampa Division.

Oct. 2, 1981.

Gordon R. Duncan, Fort Myers, Fla., for plaintiff.

David P. Blitch, for defendant.

MEMORANDUM OPINION IN RE DISCHARGEABILITY OF DEBT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding insti-tuted by First National Bank in Fort

Myers, (the Bank). The matter presented for this Court's consideration by the complaint is the dischargeability, vel non, of a debt of David Nichols, the Debtor involved in the Chapter 7 liquidation case. The amount sought by the Bank to be declared non-dischargeable is in the sum of $5,566.16 and is evidenced by a promissory note. The claim of non-dischargeability is based on § 523(a)(2), alleging that the liability was created by false pretenses, thus outside of the overall protection of the general bankruptcy discharge.

The record as established at the final evidentiary hearing germane to the resolution of this controversy can be summarized as follows:

On August 30, 1978, David Nicholas (the Debtor), executed a promissory note in favor of the Bank in the amount of $3,705.12 (Plf's Exh. # 2). This was an installment note and a security agreement combined, granting a security interest to the Bank in a 1973 Back Hoe and a Front-end loader. As part of this transaction, the Debtor submitted a loan application which indicated that the purpose of the loan was the purchase of a Backhoe (Plf's Exh. # 3). The loan application was not signed by the Debtor. It further appears that on September 11, 1978, the Debtor called the Bank again and sought an additional $2,500 for the purpose of purchasing a Low-Boy trailer to haul the Back Hoe. He agreed that the previous note would be combined with the new note. The Bank did not require a new loan application in connection with this transaction and on September 11, 1978 it granted the debtor's request, who on that date executed a new note in the amount of $6,883.20. This note was also an installment note and combined with a security agreement (Plf's Exh. # 1) which described the collateral as a 1973 Back Hoe with Front-end Loader and a 1978 Low-Boy trailer. Pursuant to a previous agreement, as noted earlier, a part of the proceeds of this loan was used by the Bank to satisfy the note of August 30, 1978 and the Debtor received only the sum of $3,178.08. It further appears that the Debtor made payments on this last note for two years or until shortly before he filed his petition for relief in this Court under Chapter 7 of the Bankruptcy Code.

The claim of non-dischargeability asserted by the Bank is based on the alleged false pretense consisting of a statement claimed to have been made by the Debtor that he would use the proceeds of the first loan to purchase the Back Hoe outright. The alleged falsity is based on the contention by the Bank that the Defendant intimated that he would use the proceeds of the loan to pay, as part payment, for the purchase of a Back Hoe, and that the balance of the purchase price would be covered by his own funds. The debt sought to be discharged by the Debtor is based on the second promissory note executed by him on September 11, 1978. The only statement made by the Debtor in connection with the execution of this note was that he needed the money to purchase the Low-boy trailer. He did, in fact, purchase a Low-boy trailer and there is nothing in this record to warrant the finding that this loan evidenced by the September note is tainted in any respect. Even assuming that the Bank agreed to lend the additional monies only because it relied on the alleged false statement surrounding the execution of the first note, the record is devoid of any persuasive evidence to support the claim of non-dischargeability of this debt under § 523(a)(2). Under this Section, before the Plaintiff can prevail, it must establish with the requisite degree of proof which is sufficiently persuasive that (1) the Debtor obtained money or property by false pretenses, false representation, or actual fraud; § 523(a)(2)(A). The burden to establish these elements, of course, is placed on the Plaintiff and if the evidence presented by the parties is in equilibrium, the claim of non-dischargeability cannot be sustained. 3 *Collier on Bankruptcy*, ¶ 523.08 (15th ed.); *In the Matter of Warren*, 7 B.R. 546 (Bkrtcy.M.D.Ga.1980).

Considering the record as a whole there is no question that in this instance the Plaintiff failed to present satisfactory and persuasive evidence that this liability was in

existence by false pretenses, false representation or actual fraud. This being the case, the claim of non-dischargeability cannot be sustained.

■ While the Defendant did not seek an imposition of attorney fees pursuant to § 523(d) against the Bank, it did make an oral motion during the trial and sought an imposition of attorney fees pursuant to § 523(d) of the Bankruptcy Code which mandates the imposition of attorney fees on a creditor who requested a determination of dischargeability of a consumer debt and failed to prevail in the action.

The difficulty to honor this request for attorney fees should be evident when one considers the nature of the loan transactions involved in this controversy. It is without dispute that both the August 30, 1978 loan and the September 11, 1978 loan were granted in order to enable the Debtor to purchase first a 1973 Back Hoe with a Front-end loader and second a 1978 Low-boy trailer. It would certainly stretch the imagination to accept the proposition that these two notes represent a consumer debt. § 101(7) of the Code defines a consumer debt as "a debt incurred by an individual primarily for personal family or household purposes". This Court cannot visualize the use of a Back Hoe and Low-Boy trailer for personal, family or household purposes and it is evident that these items were purchased by the Debtor to be used solely in his business. Having concluded that the debt involved in this controversy is not a consumer debt, the Defendant's request to impose attorney fees cannot be granted.

A separate final judgment will be entered in accordance with the foregoing.