**In re John K. and Maria S. RUSSELL, Debtors.**

**BENEFICIAL CONSUMER DISCOUNT COMPANY, Plaintiff,**

v.

**John K. and Maria S. RUSSELL and Trustee, Defendants.**

**Bankruptcy No. 81–00479 T. Adv. No. 81–0388.**

United States Bankruptcy Court, E. D. Pennsylvania.

March 15, 1982.

**326**

Mark S. Sigmon, Bethleham, Pa., for plaintiff.

Harry A. Kitey, Allentown, Pa., for defendants.

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This case is before us on a creditor's objections to the dischargeability of a debt. At issue is whether the creditor has met its burden of proof regarding the element of "intent to deceive." For reasons hereinafter given, we conclude that the creditor has not met its burden of producing clear and convincing evidence of an intent to deceive and we therefore dismiss the complaint.[1]

■ The debtors in this case, John K. Russell and Maria S. Russell made a telephone application for a loan from the plaintiff-creditor, Beneficial Consumer Discount Company (hereinafter, Beneficial) on September 16, 1980. During the course of the telephone conversation with Beneficial's loan officer, Mr. Russell supplied information concerning present outstanding indebtedness which included five loans. This information was noted on the loan application form which was signed by the debtors on the following day. Mr. Russell testified that he assumed that the loan officer was also aware of a sixth debt to South Bergen Teachers Credit Union (hereinafter, S.B.T.C.U.) because he had supplied information about that loan in a previous application through the same loan officer. Beneficial's loan officer testified that the loan would not have been granted to the Russells on September 17, 1980, if the S.B.T.C.U. debt had been included on the application. The dischargeability of a debt is governed by Section 523(a)(2)(B). That section lists four elements that must be established in order for a debt of this type to be deemed nondischargeable: use of a statement in writing (1) that is materially false; (2) respecting debtor's financial condition; (3) on which the creditor reasonably relied; (4) that the debtor caused to be made or published with the intent to deceive. 11 U.S.C. § 523(a)(2)(B) (1979). In order to have a

debt determined nondischargeable, the creditor carries the burden of producing "clear and convincing" evidence of all the requisite elements. *In re Liberati*, 11 B.R. 54 (Bkrtcy.E.D.Pa.1981).[2]

■ After a consideration of all of the evidence presented at trial we believe that Beneficial has met its burden of showing that the debtors used a written statement respecting their financial condition which was materially false and relied upon by Beneficial. Having established a prima facie case, Beneficial has shifted the burden of production, viz., the burden of going forward with evidence on the question of intent to deceive, to the debtors. The burden of persuasion on all five elements continues to reside in Beneficial. *In re Barrett*, 2 B.R. 296 (Bkrtcy.E.D.1980), *In re Drewett*, 13 B.R. 877 (Bkrtcy.E.D.Pa.1981).

Mr. Russell testified that he had provided Beneficial with information concerning the debt to S.B.T.C.U. during a previous loan application and that he "thought he knew about it" (N.T. at 49 and 56, June 23, 1981). We found Mr. Russell to be a credible witness.

For a debt to be rendered nondischargeable, the debtor's false statements must have been made with the intention and purpose of deceiving the creditor. *In re McMillan*, 579 F.2d 289, 292 (3rd Cir. 1978). What is required is some degree of fraudulent intent on the part of the bankrupt. *In re Tomeo*, 1 B.R. 673, 679 (Bkrtcy.E.D.Pa. 1979). We find that Beneficial has not met its burden of persuasion in establishing the requisite element of intent to deceive in this case. Mr. Russell's assumption that Beneficial was relying upon all of the information supplied to it by the debtors during the course of their transactions was not unreasonable. It appears that the debtors made an "honest mistake" which did not involve the moral turpitude underlying the fraud element of § 523(a)(2)(B).

Therefore, taking into consideration all of the circumstances of this case, we find that

the statement made by the Russells to Beneficial was not made with the requisite intent to deceive. The debt shall be discharged.

---

2. For a full discussion of the elements of a § 523(a)(2)(B) objection, see this Court's treat-

ment of that subject in *In re Tomeo*, 1 B.R. 673 (Bkrtcy.E.D.Pa.1979).