VANCE, Circuit Judge:
 

 On this appeal All American of Ashburn, Inc. challenges an award of $500 in attorney’s fees awarded appellee, Reginald Charles Fox, Sr., by the United States Bankruptcy Court for the Southern District of Georgia following unfavorable termination of a suit All American had commenced against Fox.
 

 All American is a manufacturer of mobile homes. Fox operated a mobile home deal
 
 *662
 
 ership in Jacksonville, Florida. Fox apparently had been purchasing mobile homes from All American for several months prior to the transaction that gave rise to this lawsuit. On May 21,1981, Fox agreed with an All American salesman to purchase another mobile home for his inventory for $19,481.00. The mobile home was delivered to Fox’s place of business, and he tendered a check in the amount of $17,481.00. Despite the disparity, All American apparently accepted the check, but it was returned by the bank for insufficient funds. A second check sent by Fox was also dishonored by the bank. Fox testified that his understanding with All American’s salesman was that his check would be held by All American until he notified them that he had completed a sales transaction with the ultimate purchaser. He asserted that all of his prior dealings with All American had been conducted on this basis. Although the salesman involved did not testify, one of All American’s officers testified that its salesmen had no authority to make such arrangements.
 

 On December 14,1982 Fox filed for bankruptcy. All American filed a complaint against Fox seeking to have the $19,841.00 debt declared non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), which applies to transactions where a debtor has secured property of the creditor by false pretenses or fraudulent representations as to his financial condition. The bankruptcy court concluded that All American failed to meet its burden of demonstrating that Fox had obtained the mobile home by actual fraud or bad faith and rendered judgment in Fox’s favor. The bankruptcy judge also ordered All American to pay $500 in attorney’s fees to Fox’s counsel, stressing that “[t]he fees so assessed are not punative [sic] in nature, but only compensatory.” All American filed a motion requesting reconsideration of the fee award, and appealed to this court when it was denied. We reverse.
 

 Under the traditional “American Rule,” courts in this country have generally refused to award attorney’s fees as a cost of litigation. The Supreme Court first recognized this principle almost two centuries ago in
 
 Arcambel v. Wiseman,
 
 3 U.S. (3 Dall.) 306, 1 L.Ed. 613 (1796), where it ruled that the courts must respect this “general practice” except where “it is changed, or modified, by statute.” 3 U.S. at 306. The Court recently reaffirmed this principle in
 
 Alyeska Pipeline Service Co. v. Wilderness Society,
 
 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Justice White’s decision in
 
 Alyeska Pipeline
 
 emphasized that
 

 Since the approach taken by Congress to [the] issue [of fee shifting] has been to carve out specific exceptions to a general rule that federal courts cannot award attorneys’ fees beyond the limits of 28 U.S.C. § 1923, those courts are not free to fashion drastic new rules with respect to the allowance of attorneys’ fees to the prevailing party in federal litigation or to pick and choose among plaintiffs and the statutes under which they sue and to award fees in some cases but not in others, depending upon the courts’ assessment of the importance of the public policies involved in particular cases.
 

 421 U.S. at 269, 95 S.Ct. at 1627. This rule is obviously applicable to the bankruptcy courts as well.
 
 See, e.g., In re United Merchants & Manufacturers, Inc.,
 
 597 F.2d 348, 349 (2d Cir.1979) (per curiam) (“It is well settled that the bankruptcy court lacks the power to grant, and the policy of the Bankruptcy Act is against, compensation not expressly provided for by the Act.”);
 
 Lane v. Haytian Corp.,
 
 117 F.2d 216, 219 (2d Cir.),
 
 cert. denied,
 
 313 U.S. 580, 61 S.Ct. 1101, 85 L.Ed. 1537 (1941);
 
 In re FAS International, Inc.,
 
 382 F.Supp. 77, 81 (S.D.N.Y.1974),
 
 aff’d per curiam,
 
 511 F.2d 1164 (2d Cir.),
 
 cert. denied,
 
 423 U.S. 839, 96 S.Ct. 68, 46 L.Ed.2d 58 (1975).
 

 There is clearly no express legislative authorization for the grant of attorney’s fees in this case. Section 523(d) of the Bankruptcy Code provides that the court may award attorney’s fees to debtors who successfully contest a determination of dis-chargeability with regard to a consumer debt, but this provision is inapplicable here. Section 101(7) of the Code.defines a consumer debt as one that is incurred “by an
 
 *663
 
 individual primarily for personal family or household purposes,” whereas the purchase at issue in this case was intended to become part of the debtor’s commercial inventory. Further support for a strict interpretation of the meaning of this section can be found in the legislative history. The House Committee Report on the Bankruptcy Reform Act indicates that § 523(d) was enacted in an effort to curb the abusive practices of consumer finance companies, who often filed bad faith dischargeability actions in the knowledge that the financially straitened debtor would be forced to settle the claim, rather than bearing the expense of a trial on the merits. H.R.Rep. No. 595, 95th Cong., 1st Sess. 130-131,
 
 reprinted in
 
 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6091-92.
 
 See also
 
 3
 
 Collier on Bankruptcy
 
 ¶ 523.12 (15th ed. 1979), at 523-70.3 (stressing the limited applicability of § 523(d)). The legislative history behind § 523 therefore not only makes it plain that this provision was not intended to apply to commercial debts, but also demonstrates that Congress is perfectly capable of providing for fee shifting in explicit terms when it desires to make such relief available to debtors. Unfortunately for the appellee, Congress has taken no such action with regard to commercial debts.
 

 The bankruptcy court conceded that § 523(d) might be inapplicable here, but suggested that the enactment of § 523(d) “in no way limits the broad inherent powers of the Bankruptcy Court” set forth in § 105 of the Bankruptcy Code. Although § 105 confers broad equitable powers upon the bankruptcy courts, “it is still doctrine that expenses and allowances by the bankruptcy court shall be limited to statutory allowances .... [s]ince Congress has determined who may be reimbursed and compensated, an equity court may not enlarge upon legislation which is both an expression of policy and unambiguous.”
 
 In re FAS International,
 
 382 F.Supp. at 81;
 
 see also In re Fidelity Mortgage Investors,
 
 690 F.2d 35, 40 (2d Cir.1982). Other bankruptcy courts have respected this principle and held that commercial debtors cannot recover attorney’s fees after prevailing in a dischargeability action pursuant to § 523(aX2)(A).
 
 See Matter of Nichols,
 
 17 B.R. 470, 472 (Bkrtcy. M.D.Fla.1981).
 

 Since the Bankruptcy Code itself provides no explicit statutory basis for an award of attorney’s fees in a situation such as this one, the only other possible basis for fee-shifting here would be one of the traditional equitable exceptions to the American Rule. The courts have long recognized that a litigant whose efforts have bestowed a “common benefit” on a class or protected a “common fund” may recover attorney’s fees from the other members of the benefitted class. In addition, the courts have also used fee shifting as an equitable penalty for abusive or bad faith litigation practices. Note,
 
 Awards of Attorney’s Fees to Unsuccessful Environmental Litigants,
 
 96 Harv.L. Rev. 677, 679 (1983). The former exception is obviously inapplicable in these circumstances, and the bankruptcy court’s statement that it was imposing the costs upon the creditor as a compensatory, rather than a punitive, measure rules out the latter justification as well. Because there is no statutory basis for an award of fees in this case, and none of the traditional equitable exceptions to the American Rule are valid here, the decision of the bankruptcy court imposing costs upon All American is
 

 REVERSED.