**In re Linda J. WEISS, Debtor.**

**LANCO FEDERAL CREDIT UNION, Plaintiff,**

v.

**Linda J. WEISS, Defendant.**

**Bankruptcy No. 82–01946 T.
Adv. No. 82–2098.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 19, 1984.

---

**2.** The plaintiffs took the position that their prior conveyances had not violated the Township sub-   division ordinance.

Barry A. Solodky, Lancaster, Pa., for debtor.

Henry C. Haefner, Lancaster, Pa., for plaintiff.

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law required

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, the plaintiff has filed, pursuant to section 523(a)(2)(B) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(B), a complaint objecting to the discharge of the Chapter 7 debtor's debt to the plaintiff in the amount of $2,729.00. For the reasons hereinafter given, we shall deny the relief requested in the plaintiff's complaint and find the debt to be dischargeable.[1]

On the debtor's application to the plaintiff for a loan, the debtor submitted an incomplete listing of her debts. The debtor testified that the officer of the plaintiff who took her loan application told her that she had to list only her major debts. The plaintiff's officer testified, to the contrary, that she told the debtor that she had to list all of her debts, regardless of the amount. The debtor also testified that she inadvertently omitted one of her major debts.

According to its apparently usual practice, the plaintiff investigated only the amounts of the debts which the debtor listed on her loan application. The plaintiff did not run any type of credit check on the debtor in order to determine whether she had any other debts which she might have intentionally or inadvertently omitted from her loan application. It is unclear from the plaintiff's evidence why the plaintiff did not do so and/or could not have done so. The plaintiff made the loan to the debtor. The debtor's failure to repay all of the loan resulted in the aforementioned debt of $2,729.00, which the plaintiff contends is nondischargeable.

Section 523(a)(2)(B) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(B), upon which the plaintiff relies, states:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—...

by Rule 7052 of the Bankruptcy Rules.

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—. . .

    (B) use of a statement in writing—

    (i) that is materially false;

    (ii) respecting the debtor's or an insider's financial condition;

    (iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

    (iv) that the debtor caused to be made or published with intent to deceive; . . . ."

■ In order for a debt to be declared nondischargeable under § 523(a)(2)(B), the plaintiff must prove all of the elements of § 523(a)(2)(B) by clear and convincing evidence. *In re Tomeo*, 1 B.R. 673, 677 (Bankr.E.D.Pa.1979); *In re Russell*, 18 B.R. 325, 327 (Bankr.E.D.Pa.1982).

The gravamen of the plaintiff's complaint is that the plaintiff's failure to list all of her debts on her loan application caused the loan application to be materially false and that the debtor intended to deceive the plaintiff by purposely omitting some of her debts. Also, the plaintiff contends that it reasonably relied on the loan application in making the loan and would not have made the loan if it had known of the debtor's unlisted debts.[2]

■ We agree with the plaintiff that the loan application was a materially false representation of the debtor's financial condition. The question of whether the debtor intended to deceive the plaintiff involves a difficult issue of credibility. However, we need not decide this question because we find that the plaintiff has failed to prove by clear and convincing evidence that it reasonably relied on the loan application in making the loan. We so find because the plaintiff, without satisfactory explanation,

failed to run any type of credit check on the debtor in order to determine if she might have intentionally or inadvertently omitted any debts from her loan application. See *Matter of Breen*, 13 B.R. 965, 969 (Bankr.S.D.Ohio 1981): "The majority of cases make it clear that the creditor has a duty to make a reasonable effort to check the credit rating of the Debtor and not rely upon just the financial statement." Also see *Matter of Stout*, 39 B.R. 438 (Bankr.W.D.Mo.1984); *In re Montbleau*, 13 B.R. 49 (Bankr.D.Mass.1981).

The plaintiff has cited no cases in support of its position that its reliance solely on the loan application was reasonable under the circumstances of this case. Instead, the plaintiff notes that, at the time the loan to the debtor was made, most of the plaintiff's members, including the debtor, were school teachers. The plaintiff then argues: "The implication is that a certain high level of integrity and honesty is presumed to exist in teachers of society's youth." Plaintiff's Brief, p. 4. While the plaintiff's point has some merit, it does not excuse the plaintiff from proving by clear and convincing evidence that it took reasonable precautions in making the loan to the debtor.

Although not essential to our decision, we also note that it is questionable whether the plaintiff has proven by clear and convincing evidence that it would not have made the loan to the debtor even if the plaintiff had had complete and accurate knowledge of the debtor's financial condition.

For the foregoing reasons, we shall deny the relief requested in the plaintiff's complaint and determine that the debt in question is dischargeable.[3]

---

**2.** The plaintiff also appears to claim that the debtor inflated the value of her real property on her loan application with the intent to deceive the plaintiff. However, this claim is completely without merit.

**3.** Because of our disposition of this proceeding, we shall also enter an Order denying the relief

requested in the same plaintiff's complaint in the companion case of *Lanco Federal Credit Union v. Scott E. Brightbill*, (Bankruptcy No. 82–01945T, Adversary No. 82–2096). Mr. Brightbill was a co-signer on the loan from Lanco Federal Credit Union to Linda J. Weiss.

Finally, we shall deny the debtor's request, pursuant to 11 U.S.C. § 523(d), for costs and attorney's fees to be assessed against the plaintiff because we find that the plaintiff's complaint was not frivolous and was not filed in bad faith. Senate Report No. 95–989, 95th Cong., 2d Sess. (1978) 80, U.S.Code Cong. & Admin.News 1978, p. 5787.