748 F.2d 146
 7 Soc.Sec.Rep.Ser. 244, Unempl.Ins.Rep. CCH 15,682,
Unempl.Ins.Rep. CCH 16,023
Doyle TRESSLER, Appellant,
v.
Margaret HECKLER, Secretary of Health and Human Services.
 No. 84-5270.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
Oct. 19, 1984.
 Decided Nov. 14, 1984.
 
 Garry Wamser, Susquehanna Legal Services, Bloomsburg, Pa., for appellant.
 David Dart Queen, U.S. Atty., Barbara Kosik, Asst. U.S. Atty., M.D. Pa., Harrisburg, Pa., Beverly Dennis, III, Regional Atty., Michael Leonard, Asst. Regional Atty., Dept. of Health and Human Services, Philadelphia, Pa., for appellee.
 Before GIBBONS, BECKER and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge:
 This is an appeal from a denial by the district court of a petition for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412(d)(1)(A) (1982).
 
 I.
 
 1
 Plaintiff Doyle Tressler alleges that he became disabled in May 1980, at age 34, from degenerative disc syndrome. From February 1965 through June 2, 1980, Tressler was employed at American Color and Chemical Corporation, Lock Haven, Pennsylvania, in various capacities including those of pipe fitter and arc welder. He testified that, while at work on May 31, 1980, he felt a terrible pain in his back and reported to the dispensary. The doctor in charge told Mr. Tressler to "take it easy." Tressler testified that he worked for the remainder of the week but while at home he again hurt his back, felt his leg go numb "with terrific pains," and fell down. He was taken to the emergency room of the Lock Haven State Hospital where the attending physician checked him for signs of stroke. Finding none, the physician told him to go home for a few days and to "take it easy." Tressler has not worked since that date.
 
 
 2
 On November 6, 1980, Tressler filed an application for disability insurance benefits claiming that he had become disabled on May 31, 1980 due to a disc syndrome; on February 23, 1981, he filed an application for SSI benefits based upon the same disability.
 
 
 3
 On the basis of the medical evidence on the record and the testimony of Tressler at the hearing, an administrative law judge found that Tressler had suffered from a severe back impairment, variously categorized as degenerative disc disease L5-S1, disc syndrome, and possible ruptured lumbar disc; that the existence of this severe back impairment had been established by clinical findings, including absence of reflex in the right leg, numbness in leg and foot, paresthesia, and also by the results of objective diagnostic studies, consisting of x-ray examination, lumbar myelogram, and lumbar venogram; that Tressler's symptoms included severe back pain, radicular syndrome, pain and weakness in the leg and foot, paresthesia, and greatly restricted capacity for physical activity; that his testimony with regard to symptomatology was fully credible and therefore he was disabled and entitled to disability benefits.
 
 
 4
 The Appeals Council of the Social Security Administration (hereinafter "AC") elected to review this decision on its own motion and notified Tressler that it proposed to find that Tressler was not disabled. Tressler was given an opportunity to present written argument to the AC. No additional evidence was presented to the AC. The AC found that the medical evidence revealed that Tressler's back condition caused severe impairment which significantly restricted his ability to perform work activities. However, the AC also found that Tressler retained the capacity to perform sedentary work as defined by the regulations. In reaching its conclusion, the AC discounted the testimony of Tressler's physician, Dr. Dolan, whose opinion it was that Tressler was totally disabled. The AC did not identify any other expert opinion or other evidence supporting its rejection of Dr. Dolan's conclusion. The AC found that plaintiff was not disabled and reversed the decision of the administrative law judge. The decision of the AC represents the final decision of the Secretary.
 
 
 5
 The final decision of the AC was appealed to the United States District Court for the Middle District of Pennsylvania pursuant to 42 U.S.C. Sec. 1383(c)(3). The Magistrate to whom the case was referred found no medical evidence to support the AC's conclusion that Tressler had residual functional capacity to perform work related activities. The Magistrate found that since there was substantial medical evidence to support the ALJ's findings as to the credibility of Tressler's reports of pain, and since there was no evidence to the contrary, the AC's decision to review this case on its own motion was contrary to its own regulations. The Magistrate also found that the decision adopted by the AC was not supported by substantial evidence.
 
 
 6
 The district judge issued an Order and Judgment approving and adopting the Report and Recommendation of the Magistrate, and accordingly, ordered that the government's motion for summary judgment be denied and that Tressler's cross-motion for summary judgment be granted. The court entered summary judgment in favor of Tressler and against the defendant for a period of disability commencing on May 31, 1980 and awarding appropriate disability insurance and supplemental security income benefits pursuant to the Social Security Act as a result thereof.
 
 
 7
 Tressler then filed a Motion for Attorney's Fees pursuant to the EAJA, asserting that the action of the AC was not "substantially justified." The district court denied the motion noting that there was "some reasonable basis in the record for the Appeals Council's reversal of the Administrative Law Judge's decision ....", App. 24, and that "there was a reasonable basis for the Appeals Council to decide that the Plaintiff was capable of some sedentary work." App. 23. Tressler appeals the denial of this motion. We reverse and remand.
 
 II.
 
 8
 It is settled law in this Circuit that the Equal Access to Justice Act applies to judicial review actions brought pursuant to the Social Security Act, 42 U.S.C. Sec. 405(g) (1982). Brown v. Secretary of Health & Human Services of the United States, 747 F.2d 878 (3d Cir. 1984); accord, Guthrie v. Schweiker, 718 F.2d 104, 107 (4th Cir.1983); McGill v. Secretary of Health & Human Services, 712 F.2d 28, 30 (2d Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). See also H.R.Rep. No. 1418, 96th Cong., 2d Sess. 12, reprinted in 1980 U.S.Code Cong. & Ad.News 4953 at 4991.
 
 
 9
 The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorney's fees and expenses, in addition to costs, "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. Sec. 2412(d)(1)(A) (1982).
 
 
 10
 The EAJA sets forth two important prerequisites to any award of attorney's fees. First, the court must determine that the claimant was a "prevailing party." Second, after the claimant has "prevailed," the court must then make the further finding that the position of the government was not "substantially justified" and that no "special circumstances" make an award of fees unjust.
 
 
 11
 We hold that the district court improperly applied the standard established in this Circuit by which fee awards against the government are to be measured.
 
 
 12
 First, the district court failed to address the initial prerequisite for an award of attorney's fees; that is, it failed to determine whether Tressler was a "prevailing party." We hold that Tressler is clearly a "prevailing party;" the court awarded Tressler all the relief that he requested. See Natural Resources Defense Council v. U.S.E.P.A., 703 F.2d 700, 704 n. 5 (3d Cir.1983).
 
 
 13
 Second, the district court failed to apply properly the "substantial justification" prerequisite as defined by this Circuit. In four successive opinions, this Circuit has set out the standard that must be applied by district courts on motions for attorney's fees under the EAJA. Goldhaber v. Foley, 698 F.2d 193 (3d Cir.1983); Natural Resources Defense Council v. U.S.E.P.A., 703 F.2d 700 (3d Cir.1983); Dougherty v. Lehman, 711 F.2d 555 (3d Cir.1983); and Brown v. Secretary of Health & Human Services of the United States, 747 F.2d 878 (3d Cir. 1984).
 
 
 14
 The district court misunderstood the range of the discretion granted to it under the EAJA. The decision to award attorney's fees under Sec. 2412(d) "directs that the district courts 'shall award' fees and expenses to a prevailing party unless the court finds that the position of the United States was 'substantially justified.' 28 U.S.C. Sec. 2412(d)(1)(A) (Supp.IV 1980)." Goldhaber, 698 F.2d at 195-96 (emphasis added). Despite the clarity of the statute, the district court incorrectly interpreted 28 U.S.C. Sec. 2412 as "allow[ing] a court to award ... reasonable attorney's fees to a prevailing party other than the United States, unless the court finds that ... the position of the United States was substantially justified * * *" (Memorandum and Order, App. 23); a better interpretation would require that "EAJA provides for mandatory award of counsel fees to a qualified prevailing party." National Resources Defense Council, 703 F.2d at 704.
 
 
 15
 It is true that the "substantial justification" standard does not promise an automatic award of fees. In this Circuit, the "substantial justification" standard has been interpreted as "a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous." Dougherty v. Lehman, 711 F.2d at 563, citing Natural Resources Defense Council, Inc. v. U.S.E.P.A., 703 F.2d at 708, 711 (opinion announcing judgment of the court); id. at 714-15 (concurring opinion); id. at 719 (concurring and dissenting opinion). This Circuit has defined the "substantial justification" standard as "essentially one of reasonableness, not in terms of result, but in terms of whether the government's position, even though unsuccessfully taken, had a reasonable basis both in law and fact." Dougherty v. Lehman, 711 F.2d at 563; Natural Resources Defense Council, 703 F.2d at 700; see S & H Riggers & Erectors v. O.S.H.R.C., 672 F.2d 426, 429-30 (5th Cir.1982); Spencer v. N.L.R.B., 548 F.Supp. 256, 260-61 (D.D.C.1982); Wolverton v. Schweiker, 533 F.Supp. 420, 425 (D.Idaho 1982); Berman v. Schweiker, 531 F.Supp. 1149, 1154 (N.D.Ill.1982).
 
 
 16
 In Dougherty we set out a three part test that the government must satisfy in order to sustain its burden of proving substantial justification of both law and fact: "First, ... that there is a reasonable basis in truth for the facts alleged in the pleadings ... Second, ... that there exists a reasonable basis in law for the theory which it propounds ... Finally, ... that the facts alleged will reasonably support the legal theory advanced." Dougherty v. Lehman, 711 F.2d at 564. "Thus, having met these requirements, if the government's legal theory as applied to the facts, reasonably supports the Secretary's position, even though the government may not have ultimately prevailed, then the government will have proven that the 'position of the United States was substantially justified.' 28 U.S.C. Sec. 2412(d)(1)(A)." Id.
 
 
 17
 Applying this standard to the present controversy, we conclude that the district court erred in determining that the Secretary's position was substantially justified. A review of the entire record reveals that nowhere did the Secretary offer evidence that the facts found by the AC had a reasonable basis in truth, that the AC's interpretation of the law had a reasonable basis in theory, or that the facts found by the AC supported any legal theory for denying benefits. The district court failed to address whether the Secretary had made the tripartite showing of proof required by Dougherty. Indeed, the record is devoid of any evidence that the Secretary even filed papers in opposition to the fee application.
 
 
 18
 Instead of requiring the Secretary to meet the tripartite Dougherty test, the district court concluded that the government's position was reasonable because "the medical testimony adduced, while recognizing Plaintiff's disc infirmity, contains some evidence to support a conclusion that Plaintiff was not totally precluded from doing any work." App. 23. Thus, it appears that the district court has read the standard so that the government will meet its burden if it is able to show "some evidence" to support a conclusion that the claimant could do some work. Numerous cases establish that this is not the legal standard for disability. Reliance on some evidence that a claimant can do some work is not "substantial justification."
 
 
 19
 Indeed, adherence to a strict standard of substantial justification is critically important when a case involves a plaintiff who succeeded on the first review, but because of governmental actions was forced through several more adjudications, at his own expense. As we stated in Natural Resources Defense Council v. U.S.E.P.A., 703 F.2d 700, 712 (3d Cir.1983): "For its action to be substantially justified, the government must make a 'strong showing' that its position was substantially justified." (quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. 16, 18 reprinted in 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4995, 4997).
 
 
 20
 Accordingly, we conclude that the district court erred in denying Tressler's Motion for an Award of Attorney's Fees under the EAJA.
 
 
 21
 The judgment appealed from will be reversed and the case remanded for determination of the amount of an award.[1]
 
 
 22
 Tressler sought $1,600 in attorney's fees. Motion for Attorney's Fees, App. 18. The government did not contest this amount. Nevertheless the amount should be determined in the first instance by the trial court.