Sylvester PAGANO

v.

Margaret M. HECKLER, Secretary of Health and Human Services.

Civ. A. No. 84–4254.

United States District Court, E.D. Pennsylvania.

Dec. 13, 1985.

Karen Kress Weisbord, Philadelphia, Pa., for plaintiff.

James G. Sheehan, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## OPINION

LUONGO, Chief Judge.

Plaintiff Sylvester Pagano filed this social security action in September of 1984, seeking judicial review of the decision of the Secretary of Health and Human Services denying his application for disability benefits. The parties submitted cross-motions for summary judgment. In an order dated August 8, 1985 I granted plaintiff's motion, entered judgment in his favor and directed the Secretary to award him benefits. Plaintiff thus became a "prevailing party" within the meaning of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). He now requests an award of attorney's fees.

Under the EAJA, a party who prevails against the United States is entitled to attorney's fees "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). The position of the United States includes both its litigation position and the agency action that made the lawsuit necessary. *Washington v. Heckler*, 756 F.2d 959, 961 (3d Cir.1985). The government bears the burden of proving substantial justification and, to meet its burden, must make a strong showing that its position had a reasonable basis in fact and law. *Id.; Tressler v. Heckler*, 748 F.2d 146, 150 (3d Cir.1984).

The standard for what constitutes substantial justification is easier to state than it is to apply. Chief Judge Aldisert, concurring in *Washington v. Heckler*, stated: "As it stands today, 'substantially justified' is too amorphous, too fluid, and too devoid of direction to guide the legal profession and the courts in cases where the claimant prevails because no substantial evidence in the record sustained the agency's position." 756 F.2d at 969. After the Third Circuit's decisions in *Washington* and *Dennis v.*

*Heckler,* 756 F.2d 971 (3d Cir.1985), it seems to me that the district courts have little room to deny attorney's fees to a prevailing social security claimant. Again in the words of Chief Judge Aldisert, the district courts are left to wonder, " 'Do we do what the Court of Appeals *does,* or what it *says?*' " *Washington,* 756 F.2d at 968.

After reviewing the administrative record in light of the recent Third Circuit cases, I must conclude that the Secretary's decision denying Pagano benefits was not substantially justified. Pagano is a 60 year old man with a third grade education. He cannot read or write. He has held a variety of jobs since 1939, all involving heavy manual labor. For 24 years he worked as a truck driver, but he was fired in 1977 after failing a Department of Transportation physical examination. His disability insured status expired in September of 1979.

Pagano applied for disability benefits on May 4, 1983, claiming that he had been disabled since 1977 because of a heart condition, diabetes, high blood pressure and arthritis. In a hearing before an Administrative Law Judge, Pagano testified that his ailments significantly limit his activities and are not adequately controlled by medication. He can do no lifting because of his previous back injuries and he spends most of his time lying around the house. He testified that exertion and excitement cause him to suffer chest pains.

As the ALJ noted, the record contains no detailed medical evidence concerning Pagano's condition prior to 1982. The evidence submitted, however, supports Pagano's testimony. The record contains a Department of Transportation physical examination form, dated November 12, 1976, which stated that Pagano had a permanent defect from illness, disease or injury. Dr. Meyer B. Winokur, who treated Pagano from 1976 to 1983, reported that Pagano has been suffering from diabetes and a severe arthritic condition and has been unable to be gainfully employed in his vocation. Dr. Paul Sedacca, Pagano's present treating

physician, corroborated Pagano's testimony concerning his heart condition, activity limitations and chest pains.

The ALJ failed to give proper weight to the opinion of Dr. Winokur, who treated plaintiff both before and after his insured status expired. The ALJ also erred in discounting Pagano's subjective complaints, which were supported at least to some degree by medical findings, and in relying on his own lay observations as evidence that Pagano was not severely impaired. *See Dennis*, 756 F.2d at 974–76; *Green v. Schweiker*, 749 F.2d 1066 (3d Cir.1984). Finally, because Pagano introduced sufficient evidence to support a finding of disability, it was improper for the ALJ to reject his claims on the ground that the medical documentation was incomplete. *See, e.g., Ferguson v. Schweiker*, 765 F.2d 31 (3d Cir. 1985).

■ In light of the ALJ's violations of Third Circuit precedent, I cannot conclude that the Secretary's position at the agency level or in the ensuing litigation had a reasonable factual basis.[1] *See Dennis*, 756 F.2d at 976. I therefore hold that her position was not substantially justified and that plaintiff is entitled to attorney's fees under the EAJA.

■ Plaintiff's attorney has submitted a detailed time sheet, which, according to my calculations, represents that she has spent a total of 25.17 hours on this case at the district court level. She seeks to be compensated at a rate of $125 per hour. The Secretary has not challenged the time spent, and I conclude that it is reasonable. I will not, however, grant the request for a $125 hourly rate. The EAJA generally limits fees to $75 per hour, 28 U.S.C. § 2412(d)(2)(A), and plaintiff has shown no special factors which would justify a higher fee. Accordingly, I will award plaintiff attorney's fees of $1887.75, for 25.17 hours of work at $75 per hour.

1. Plaintiff also argues that the Secretary's position is contrary to her own regulations, which the ALJ failed to apply. Because I conclude

that the decision to deny plaintiff benefits was not factually justifiable, I need not reach this issue.