743 F.2d 166
 WASHINGTON URBAN LEAGUE, Petitioner,
v.
FEDERAL ENERGY REGULATORY COMMISSION, Respondent,
Philadelphia Gas Works, Public Service Commission of the
State of New York, Public Service Electric and Gas
Company, Texas Eastern Transmission
Corporation, and Gulf Oil
Corporation, Intervenors.
 No. 82-3137.
 United States Court of Appeals,
Third Circuit.
 Sept. 4, 1984.
 
 Charles E. Hill, Washington, D.C., Morton L. Simons, Simons & Simons, Washington, D.C., for petitioner.
 
 
 1
 Craig W. Hulvey, Carroll L. Gilliam, Grove, Jaskiewicz, Gilliam & Cobert, Washington, D.C., for Gulf Oil Corp., intervenor.
 
 
 2
 Joseph R. Davison, Leonard, Tillery & Davison, Philadelphia, Pa., for Philadelphia Gas Works, intervenor.
 
 
 3
 J. Craig Youngblood, Judy M. Johnson, James W. McCartney, Vinson & Elkins, Jack E. Earnest, Jack D. Head, Cheryl M. Foley, Houston, Tex., for Tex. Eastern Transmission Corp., intervenor.
 
 
 4
 Dennis Lane, Richard A. Solomon, David D'Alessandro, Wilner & Scheiner, Washington, D.C., for Public Service Com'n of N.Y., intervenor.
 
 
 5
 Joshua Z. Rokach and Ellen K. Schall, F.E.R.C., Washington, D.C., for F.E.R.C., respondent.
 
 
 6
 James R. Lacey, Newark, N.J., for Public Service Elec. and Gas Co., intervenor.
 
 
 7
 Gary E. Guy, Michael W. Hall, Cullen & Dykman, Washington, D.C., for The Brooklyn Union Gas Co., intervenor.
 
 
 8
 Before ALDISERT, Chief Judge, and GIBBONS and HIGGINBOTHAM, Circuit Judges.
 
 OPINION OF THE COURT
 
 9
 A. LEON HIGGINBOTHAM, Jr., Circuit Judge.
 
 
 10
 This case involves petitioner Washington Urban League's ("WUL") request for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Sec. 2412(d)(1)(A) (1982).
 
 
 11
 Under subsection 2412(d)(1)(A) of the EAJA, a court shall award attorneys' fees to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. Sec. 2412(d)(1)(A). The Federal Energy Regulatory Commission ("FERC" or "Commission") argues that WUL cannot recover attorneys' fees because the Commission's position was substantially justified[1] and that an award of attorneys' fees to WUL would be unjust. After a careful review of the record in this case and the applicable legal standards, we will grant WUL's request for attorneys' fees. We will, however, reduce WUL's application for attorneys' fees because WUL prevailed only on one of its three challenges to the FERC. This award will be limited to those fees incurred in addressing the issue on which it prevailed. We are simply not satisfied that the Commission's position was substantially justified, and we do not find the award of attorneys' fees to be unjust on that issue.
 
 I.
 
 12
 In the instant case this court found that the FERC erred as a matter of law in interpreting force majeure in a warranty contract to include foreseeable and anticipated events. Furthermore, this court held that the Commission's findings were not supported by substantial evidence in Gulf Oil Corp. v. FERC, 706 F.2d 444, 452-55 (3d Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 698, 79 L.Ed.2d 164 (1984). Gulf had not established substantial evidence that it tried to overcome the results of the force majeure event by doing everything within its control to prevent or minimize the event's occurrence and its effects. Nor had Gulf proven that a force majeure event caused the accidents, altercations, repairs or failure of production. Consequently, this court remanded the force majeure issue to the Commission for further proceedings.
 
 
 13
 In disputing WUL's petition for attorneys' fees, FERC argues that in deciding whether its position was substantially justified we should look to Rule 37 of the Federal Rules of Civil Procedure. Rule 37 considers a party's action "substantially justified" except where "no genuine dispute exists." Because Congress incorporated the "substantially justified" language from Rule 37 into the EAJA, FERC argues that "attorneys' fees should not be awarded unless the government position is found to be indefensible or the government has defended such a situation in which no genuine dispute exists." Response of the FERC in Opposition to Petitioner's Motion for Attorneys' Fees at 10. This illogical syllogism is exactly the same as the one this court rejected in NRDC v. EPA, 703 F.2d 700 (3d Cir.1983).
 
 In that case this court explained:
 
 14
 The substantial justification language may have been borrowed from one of the Federal Rules of Civil Procedure, but that premise lends no support for the illogical syllogism the EPA erects from it.... The EPA would rewrite the Act ... to give it a meaning that even the Justice Department [whose proposed limiting amendments were rejected] never sought.
 
 
 15
 Id. at 710-11.
 
 
 16
 In our view, the Committee reports from the House and the Senate set forth the correct standard as follows:
 
 
 17
 The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis both in law and fact, no award will be made.
 
 
 18
 S.Rep. No. 253, 96th Cong., 1st Sess. 6 (1979); H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10, reprinted in 1980 U.S.Code Cong. & Ad.News 4953, 4989.
 
 
 19
 We thus must determine whether the government has shown that its position concerning the force majeure issue had a reasonable basis in law or fact. In that regard FERC argues that the task of fashioning a remedy in the proceeding before it was complex and there was an absence of precedent for construing force majeure clauses in warranty contracts. We conclude that these explanations do not substantially justify FERC's position in the underlying action.
 
 
 20
 FERC had the benefit of this court's decision in Gulf Oil I v. F.P.C., 563 F.2d 588 (3d Cir.1977), cert. denied, 434 U.S. 1062, 98 S.Ct. 1235, 55 L.Ed.2d 762 (1978), defining the meaning of force majeure in a warranty contract. It had the benefit of the Administrative Law Judge's decision which FERC reversed. It had the benefit of the advice of its own legal experts. Consequently, we will not accept FERC's arguments concerning the complexity of the case and absence of precedent directly on point to disallow an award of attorneys' fees to WUL. FERC has simply not shown how its position was substantially justified.
 
 
 21
 Similarly FERC has failed to show how an award of attorneys' fees would be unjust. This case stemmed from a Commission enforcement action against Gulf. FERC argues that awarding fees to WUL would act as a disincentive to the Commission to pursue such cases and liberally grant intervention. To the extent that an award of attorneys' fees will act as a disincentive to the Commission to take positions that it cannot substantially justify, we believe such an award is just.
 
 
 22
 We turn next to the issue whether WUL is entitled to the entire amount of its requested attorneys' fees. WUL challenged three aspects of the orders under review; however, WUL prevailed only on the force majeure issue. Thus, the question we must decide is whether prevailing on one issue entitles a petitioner to the fees it incurred in litigating the entire case.
 
 
 23
 This question was squarely decided by this court in Goldhaber v. Foley, 698 F.2d 193, 196-97 (3d Cir.1983). In Goldhaber, we held that
 
 
 24
 it would be anomalous to charge the entire expense of litigation to the government in such a circumstance. Were we to do so, the government would bear the expense of defending even its reasonable positions .... The only solution consonant with the legislative intent [of the EAJA] as we discern it, is to charge the United States with that portion of the expenses attributable to its unjustifiable positions.
 
 
 25
 Id. at 197. Accordingly, WUL may be awarded attorneys' fees only for its effort concerning the force majeure claim and matters inextricably tied to litigating that claim.
 
 
 26
 Finally, we consider WUL's itemization of its attorneys' fees and expenses. Although we are satisfied that WUL offered a sufficiently detailed application for attorneys' fees for us to determine whether the hours claimed are justified, petitioner failed to itemize by issue its fee application. Such itemization is not necessary in every case; however, it is vital to the disposition of this case because WUL only prevailed in one of its three challenges involving the FERC. It is for that claim alone that the government's position was not substantially justified. Thus, we would need more specific information from WUL before we could rule on its application for attorneys' fees.
 
 
 27
 Accordingly, we will direct the parties to attempt to amicably settle the attorneys' fee issue in a manner consistent with this opinion. We direct WUL to give to respondent its itemization of legal fees on the issue on which it prevailed. If the parties fail to amicably settle the attorneys' fee issue within 30 days from the date of this order, the matter will be referred to Magistrate Richard A. Powers, III, pursuant to Rule 33 of the Federal Rules of Appellate Procedure, to meet with the parties and proceed as he deems appropriate. We would hope that he could make a recommendation to this court within 30 days after receipt of the case.
 
 
 
 [1]
 FERC argues that because costs may not be assessed against the Commission under section 22 of the Natural Gas Act, 15 U.S.C. Sec. 717u, it cannot be held liable for costs under the EAJA. Thus it concludes that since it is not liable for costs under 28 U.S.C. Sec. 2412(a), it is not liable for attorneys' fees under section 2412(d). We reject without discussion FERC's other argument that recovery of costs is a prerequisite to a recovery of attorneys' fees