Alexander J. GROVES, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.

Civ. A. No. 83–1003.

United States District Court, M.D. Pennsylvania.

Dec. 20, 1984.

Ira Mark Goldberg, Hyatt Legal Services, Allentown, Pa., for plaintiff.

Sally A. Lied, Asst. U.S. Atty., Harrisburg, Pa., for defendant.

## MEMORANDUM

HERMAN, District Judge.

On October 5, 1984, we issued an order and judgment adopting the Magistrate's September 14, 1984, Report and Recommendation in the above-captioned action. The essence of this order was that plaintiff was found to be entitled to supplemental security income (SSI) benefits as of April 1982. Thereafter, plaintiff filed a timely motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Supp.1984).[1]

■ The noticeable increase in motions for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, causes us to review this fee-shifting statute. The pertinent provision provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was

substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Thus, the EAJA *mandates* an award of counsel fees to a qualified prevailing party. *Tressler v. Heckler,* 748 F.2d 146 at 149 (3d Cir. Oct. 19, 1984).

In *Brown v. Secretary Of Health & Human Services Of The United States,* 747 F.2d 878 (3d Cir.1984), the Third Circuit aptly noted the EAJA's purpose as follows:

In enacting the EAJA, Congress sought to remove the financial barrier faced by individuals litigating valid claims against the government. The award of attorney's fees to prevailing parties was intended to overcome the harsh reality that in many cases it was "more practical to endure an injustice than to contest it." H.R.Rep. No. 1418, 96th Cong., 2d Sess. 9, *reprinted in* 1980 U.S.Code Cong. & Ad.News 4984, 4988. The legislation rested "on the premise that a party who chooses to litigate an issue against the Government is not only representing his or her own vested interest," *id.* at 10, *reprinted in* 1980 U.S. Code Cong. & Ad.News at 4988, but is also "serving a public purpose." *Id., reprinted in* 1980 U.S.Code Cong. & Ad. News at 4989. The EAJA was also designed to encourage government agencies to act in an equitable manner towards citizens and not be unreasonable in creating the necessity for, and in conducting, litigation. The Act thus "helps assure that administrative decisions reflect informed deliberation." *Id.* at 12, *reprinted in* 1980 U.S.Code Cong. & Ad. News at 4991.

At 880–881.

■ To obtain an award of attorney fees under the EAJA, two conditions must be satisfied. First, the claimant must be found to be the prevailing party. Secondly, the court must find that the Government's position was not substantially justified and

---

**1.** While the EAJA expired on October 1, 1984, the Act continues to apply "through final disposition of any action commenced before the date of repeal." Pub.L. 96–481, Section 204(d). The current motion, thus, is properly before us.

that no special circumstances make an award unjust. *Tressler*, at 148–149.

■ In an action to obtain disability benefits under the Social Security Act, a claimant is a prevailing party if the final determination is that the claimant is entitled to benefits. A finding by the court that the Secretary's decision is not supported by substantial evidence and an order remanding the case to the Secretary for further consideration does not entitle the claimant to a finding that he or she has prevailed. *Brown, supra.* "Rulings granting new administrative hearings to the usual Social Security claimants 'may affect the disposition on the merits, but are themselves not matters on which a party could 'prevail' for purposes of shifting his counsel fees to the opposing party.'" *Brown*, at 883, *quoting, Hanrahan v. Hampton*, 446 U.S. 754, 759, 100 S.Ct. 1987, 1990, 64 L.Ed.2d 670 (1980) (per curiam).

■ In the second prong, the Government carries the burden of proving that its position was substantially justified.[2] *Tressler, supra.* Indeed, the Government must make a "strong showing" of the justification of its position, with the Government's "position" including the agency action that made it necessary for the claimant to file suit. *Natural Resources Defense Council v. U.S.E.P.A.*, 703 F.2d 700, 707 & 712 (3d Cir.1983).

■ The "substantial justification" standard "has been interpreted as 'a middle ground between an automatic award of fees to a prevailing party and an award made only when the government's position was frivolous.'" *Tressler*, at 149, *quoting, Dougherty v. Lehman*, 711 F.2d 555, 563

(3d Cir.1983). In *Dougherty*, the court held the following:

> The standard, however, should not be read to raise a presumption that the Government position was not substantially justified, simply because the Government lost the case. *Nor, in fact, does the standard require the Government to establish that its decision to litigate was based on a substantial probability of prevailing.*

*Dougherty*, 711 F.2d at 563 (emphasis in original). Nevertheless, the Government cannot satisfy its burden in a Social Security action by showing only "some evidence" to support its conclusion that a claimant could do some work. *Tressler*, at 150.

■ Accordingly, the substantial justification standard is one of reasonableness in terms of the Government's position and not in terms of the result. *Id.* at 149; *Dougherty*, 711 F.2d at 561. The triparte showing the Government must make to meet its burden of proving substantial justification is "First, ... that there is a reasonable basis in truth for the facts alleged in the pleadings ... Second, ... that there exists a reasonable basis in law for the theory which it propounds ... Finally, ... that the facts alleged will reasonably support the legal theory advanced.'" *Tressler*, at 150, *quoting, Dougherty*, 711 F.2d at 564. Thus, no award is given to a prevailing party where the Government shows that its case had a reasonable basis both in law and fact.[3] *Washington Urban League v. Federal Energy Regulatory Commission*, No. 743 F.2d 166 at 168 (3d Cir.1984) (rejecting Fed.R.Civ.P. 37 "substantially justified" language for EAJA fee awards).

---

**2.** We note that when the Government attempts to meet its burden, "it is essentially the relevant portions of the record in the underlying action which must be looked to in order to determine if the government has proved 'substantial justification' for its position." *Dougherty v. Lehman*, 711 F.2d 555, 562 (3d Cir.1983). Thus, no requirement exists that independent or separate evidence distinct from the record be submitted to meet the Government's burden of proof. *Id.* at 561–62.

**3.** Moreover, "special circumstances" that make an award unjust will negate the Government's responsibility to pay attorney fees. "'This 'safety valve' helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts.'" *Dougherty*, 711 F.2d at 563, *quoting*, H.R. No. 1418, 96th Cong.2d Sess., at 10–11, *reprinted in* 1980 U.S.Code Cong. & Ad.News, 4953 at 4989–90.

■ Finally, we observe that "[i]n construing a statute, a court is obliged to give effect to each of the words that Congress used." *Brown,* at 882. Because the EAJA provides for attorney fees in civil actions in court, we agree with the Fourth, Seventh, and Eighth Circuits in concluding that fees incurred at the administrative level in Social Security cases are not recoverable under the EAJA. *Cornella v. Schweker,* 728 F.2d 978, 988–89 (8th Cir.1984); *Guthrie v. Schweiker,* 718 F.2d 104, 106 (4th Cir.1983); *Berman v. Schweker,* 713 F.2d 1290, 1296 (7th Cir.1983).

■ In the present action, no question exists that plaintiff is the prevailing party with respect to the decision granting him SSI benefits. The Government argues, however, that its position was substantially justified.[4]

In reviewing the parties' briefs, neither party has been particularly helpful in referring to the record to support their respective positions. Nevertheless, the Magistrate's September 14, 1984, Report, which we previously adopted, thoroughly summarizes the pertinent aspects of plaintiff's claims and medical ailments. While plaintiff claimed he had been disabled since November 1974, the medical evidence established a contrary conclusion. At any extent, such was the finding by the ALJ and the Magistrate, to which plaintiff filed no exception.

However, the Magistrate concluded that the ALJ's decision concerning SSI benefits from April 1982 to the present was not supported by the evidence. The Magistrate observed, as the ALJ himself acknowledged, that Dr. Andriole, the Government's witness, had testified that as of April 1982, plaintiff's condition met the listing of impairments set forth in Appendix 1, Subpart P, Social Security Regulations 4–(Tr. 39–45), Magistrate's Report at 6, 9. The Magistrate continued as follows:

Under the Secretary's own regulations, 20 CFR § 416.920 (1982), where the plaintiff has an impairment which meets or equals a listed impairment, he is to be found disabled "without consideration of age, education and work experience." The Secretary's own witness whose testimony was relied upon in making the determination with respect to regular disability benefits clearly indicated that plaintiff met the listings as of April 1982.

Thus, it was not necessary for the administrative law judge to consider the remaining sequential steps. However, although it is not clear, he apparently did so because he incorrectly noted that Dr. Andriole indicated that there was no current evidence which would prevent the plaintiff from doing sedentary to light work. (TR. 13). The magistrate can find no such testimony by Dr. Andriole. Rather, Dr. Andriole testified that the plaintiff could engage in such work between 1974 and 1976, and indeed through 1977. He also indicated that for the period between 1977 and *1981* he could not fix the time when plaintiff's condition became so severe as to prevent sedentary or light work, or would meet the listings. However, so far as the magistrate can see, he did not indicate that plaintiff could perform sedentary work on or after April 1982 when, in Dr. Andriole's opinion, he met the listings. Thus, the evidence establishes plaintiff's entitlement to SSI benefits apparently at least in April 1982.

Magistrate's Report, at 9–10 (emphasis in original).

The Magistrate thus concluded, as we concurred, that the Secretary had not followed her regulations. It is interesting to observe that the Government filed no exception to this conclusion. Applying the triparte standard of substantial justification, therefore, we find that the Government has failed to establish that its position

---

4. The Government also argues that only its "litigation" position before the court should be considered, citing Judge Hunter's *dissent* in *Natural Resources Defense Council v. U.S.E.P.A.,* 703 F.2d 700, 717 (3d Cir.1983). In light of *Poulis v.*

*State Farm Fire and Casualty Company,* 747 F.2d 863 (3d Cir.1984), where the circuit court firmly criticized a district court for adopting a dissent and disregarding the panel decision, we decline to follow the Government's suggestion.

against plaintiff had a reasonable basis in law and fact. Plaintiff, thus, is entitled to an award of attorney fees under the EAJA.

In counsel's affidavit in support of attorney fees, plaintiff's counsel avers that he expended 8.25 hours in pursuing the action in this court at an hourly rate of $65.00 per hour for a total of $536.25. The Government has not contested the reasonableness of the number of hours or the hourly rate, although the Government has argued that the fee awarded should reflect the fact that plaintiff only prevailed on one of two claims. In response, plaintiff offered no objection to an award of one-half of his requested fee.

In *Goldhaber v. Foley,* 698 F.2d 193, 196–97 (3d Cir.1983), the Third Circuit clearly held that the Government would be charged only those fees and expenses attributable to the Government's unjustifiable positions. *See also Washington Urban League v. Federal Energy Regulatory Commission,* 743 F.2d 166 (3d Cir.1984); *Dougherty v. Lehman,* 711 F.2d 555, 560 (3d Cir.1983). Because the obtaining of disability benefits is the usual goal in a Social Security action, *Brown v. Secretary Of Health & Human Services Of The United States,* 747 F.2d 878 (3d Cir. Nov. 6, 1984), apportionment of successful claims regarding varying medical ailments usually will be unlikely. In this case, however, plaintiff pursued two distinctive claims and prevailed on only one claim. Therefore, we will reduce the fee request to reflect plaintiff's percentage of success. Under the particular facts of *this* case, we will reduce the fee award by one-half, or $268.00.

An appropriate order will be entered.