Slip Op. 23-111

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| **DIAMOND TOOLS TECHNOLOGY LLC**, | |
| Plaintiff, | |
| v. | |
| **UNITED STATES**, | **Before: Timothy M. Reif, Judge** |
| Defendant, | **Court No. 20-00060** |
| and | |
| **DIAMOND SAWBLADES MANUFACTURERS' COALITION**, | |
| Defendant-Intervenor. | |

## <u>JUDGMENT</u>

Before the court is the second remand redetermination of U.S. Customs and Border Protection ("Customs"), issued pursuant to the court's order in *Diamond Tools Tech. LLC v. United States* ("*Diamond II*"), 46 CIT __, 609 F. Supp. 3d 1378 (2022). Final Remand Redetermination Pursuant to Court Remand, ECF No. 92 ("Remand Results").

On April 17, 2023, plaintiff Diamond Tools Technology LLC ("DTT USA" or "plaintiff") filed comments in response to the Remand Results. Pl.'s Cmts. Opp'n to Final Results of Second Redetermination, ECF No. 97. On April 17, 2023, defendant-intervenor Diamond Sawblades Manufacturers' Coalition filed comments in response to the Remand Results. Def.-Intervenor's Cmts. Opp'n to Second Redetermination, ECF No. 96. On May 26, 2023, defendant United States filed a reply to plaintiff's and

defendant-intervenor's comments on the Remand Results. Def.'s Reply to Pl.'s and Def.-Intervenor's Cmts. on Second Redetermination, ECF No. 98. On May 26, 2023, plaintiff filed further comments in support of the Remand Results. Pl.'s Resp. Cmts. Supp. of Final Results of Second Redetermination, ECF No. 99. The court reviewed parties' filings and responses thereto.

In *Diamond I*, the court remanded in part Customs' affirmative finding of evasion of the antidumping duty order in Customs' Final Determination as to Evasion and Final Administrative Decision on Certain Diamond Sawblades and Parts Thereof from the People's Republic of China ("China"). *Diamond Tools Tech. LLC v. United States* ("*Diamond I*"), 45 CIT __, 545 F. Supp. 3d 1324 (2021) (citing Customs' Trade Remedy & Law Enforcement Directorate Final Determination as to Evasion, EAPA Case No. 7184  (Sept. 17, 2019), CR 199, PR 220; and Customs' Office of Regulations & Rulings Decision on Request for Admin. Review, EAPA Case No. 7184 (Jan. 29, 2020), PR 232). The court ordered Customs to make a finding and explain its reasoning as to whether DTT USA "enter[ed] covered merchandise . . . by means of any . . . act that is material and false, or any omission that is material," pursuant to the second statutory requirement set forth in the Enforce and Protect Act ("EAPA"), section 517(a)(5)(A) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1517(a)(5)(A) (2018). *See Diamond I*, 45 CIT at __, 545 F Supp. 3d at 1356. In *Diamond II*, the court concluded that Customs did not explain how DTT USA's statement was material and false when DTT USA relied on the directive issued by Commerce and remanded:

> Customs' Remand Results to Customs for reconsideration in conformity with this court's opinion. The court direct[ed] Customs to reconsider its conclusion consistent with this decision and the facts of this case and, in

particular, the applicability of the EAPA in the confined circumstance of an importer's reliance on Commerce's clear directive.

*Diamond II,* 46 CIT at __, 609 F. Supp. 3d at 1391.  In the Remand Results, Customs determined "under respectful protest" that plaintiff DTT USA "did not evade the AD Order when it imported diamond sawblades assembled in Thailand with Chinese cores and segments, prior to December 2017."  Remand Results at 2.  Customs stated:

> Consistent with the Court's reasoning in *Diamond Tools II*, under respectful protest, we find that, in light of the Court's interpretation of Commerce's 2006 IDM, DTT did not make false statements with respect to its pre-December 1, 2017 entries, and thus did not engage in evasion when it entered diamond sawblades assembled in Thailand with Chinese components into the United States without declaring such merchandise as subject to the AD Order.

*Id.* at 7.

Upon consideration of the Remand Results, the parties' submissions and the papers and proceedings had herein, it is hereby

**ORDERED** that the Remand Results are sustained.

/s/      Timothy M. Reif
Timothy M. Reif, Judge


Dated:   July 28, 2023
        New York, New York