Slip Op. 24-27

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **DIAMOND TOOLS TECHNOLOGY LLC,** | |
| Plaintiff, | |
| v. | |
| **UNITED STATES,** | Before: Timothy M. Reif, Judge |
| Defendant, | Court No. 20-00060 |
| and | |
| **DIAMOND SAWBLADES MANUFACTURERS' COALITION,** | |
| Defendant-Intervenor. | |

## OPINION AND ORDER

[Denying plaintiff's application for attorney fees.]

Dated: March 1, 2024

Lucius B. Lau, White & Case LLP, of Washington, D.C., for Plaintiff Diamond Tools Technology LLC. With him on the brief were Jay C. Campbell, Walter J. Spak, Ron Kendler, and Allison J.G. Kepkay.

Antonia R. Soares, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., argued for Defendant United States. With her on the brief were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Franklin E. White, Jr., Assistant Director. Of counsel on the brief was Tamari J. Lagvilava, Senior Attorney, Office of the Chief Counsel, U.S. Customs and Border Protection.

Reif, Judge:  Before the court is the application by plaintiff Diamond Tools Technology, LLC ("DTT USA" or "plaintiff") for attorney fees brought under 28 U.S.C. § 2412.  *See* Pl.'s Application for Att'y Fees ("Pl. App'n"), ECF No. 103.  Plaintiff seeks an award of $603,111.11 on account of the position taken by U.S. Customs and Border Protection ("Customs") throughout the investigation under the Enforce and Protect Act ("EAPA"), 19 U.S.C. § 1517 (2018),[1] and what plaintiff alleges as Customs' "unreasonable adherence to that unlawful position in this Court."  *Id.* at 1.

In response, defendant the United States (the "government" or "defendant") argues that plaintiff's action fails because the "case presented a matter of first impression and a novel issue," which, defendant asserts, substantially justifies the position taken by Customs during the investigation and case before the court.  Defs.' Resp. to Pl. App'n ("Def. Resp."), at 1, ECF No. 106.  Defendant asserts that plaintiff concedes as much.  *Id.* at 1, 11.  For the reasons discussed below, the court denies plaintiff's motion.

## BACKGROUND

The court presumes familiarity with the facts of this case as set out in its previous opinions.  *See Diamond Tools Tech., LLC v. United States* ("*Diamond I*"), 45 CIT __, 545 F. Supp. 3d 1324 (2021); Diamond *Tools Tech. LLC v. United States* ("*Diamond II*"), 46 CIT __, 609 F. Supp. 3d 1378 (2022); Diamond *Tools Tech. LLC v. United States*

---

[1] All citations to the Tariff Act of 1930, as amended, are to the Title 19 of the U.S. Code, and all references to the U.S. Code are to the 2018 edition unless otherwise specified. EAPA was enacted as part of the Trade Facilitation and Trade Enforcement Act of 2015, Pub. L. No. 114-125, § 421, 130 Stat. 122, 161 (2016).

("*Diamond III*"), 47 CIT __, 647 F. Supp. 3d 1383 (2023).  The court recounts the following procedural events relevant to plaintiff's application for attorney fees.

On March 12, 2020, plaintiff filed a complaint contesting Customs' final determination of evasion under EAPA.  *See* Compl., ECF No. 2.  On November 5, 2021, the court issued an opinion and order sustaining in part and remanding in part Customs' Final Determination of evasion and Final Administrative Decision.  *See Diamond I*, 45 CIT __, 545 F. Supp. 3d 1324 at 1356.  In *Diamond I,* the court remanded in part Customs' determination that DTT USA violated EAPA, ordering Customs to re-examine its finding that plaintiff had entered covered merchandise by means of a material false statement.  *Id.*  The court concluded that "the interaction between Customs' EAPA investigations and Commerce's scope inquiries, specifically a circumvention inquiry, [was] a novel one . . . ."  *Id.* at __, 545 F. Supp. 3d at 1349.  Relying on the Conference Committee on the Trade Enforcement Act of 2015 ("Conference Report") and the *Chevron* doctrine*,* the court further sustained Customs' determination as to the first two elements of a finding under EAPA.  *Id.* at __, 545 F. Supp. 3d at 1349-50 (citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.* 467 U.S. 837, 842-43 (1984))*.*  The court held "that Customs did not violate DTT USA's due process rights[,]" sustained Customs' imposition of interim measures and concluded "that Customs' finding that DTT USA's entries that pre-dated December 1, 2017, are 'covered merchandise' is in accordance with law."  *Id.* at __, 545 F. Supp. 3d at 1356.  However, the court remanded to Customs the issue concerning the entry of the covered merchandise by means of a "material and false statement or act."  *Id.*; *see* 19 U.S.C. § 1517(a)(5)(A)).  The court ordered Customs to explain "how DTT USA's failure to seek .

. . clarification [as to the scope of Commerce's instructions] constitutes a material and false statement or act, or a material omission." *Id.* at __, 545 F. Supp. 3d at 1354.

On January 27, 2022, Customs issued a remand redetermination. *See* Final Remand Redetermination ("First Remand Results"), ECF No. 70. Customs again found that "DTT [USA] made material false statements, or acts, or material omissions with respect to its entries of diamond sawblades imported prior to December 1, 2017." *Id.* at 1.

On December 16, 2022, the court issued an opinion and order remanding *to* Customs for the reconsideration of "the applicability of the EAPA in the confined circumstance of an importer's reliance on Commerce's clear directive." *Diamond II*, 46 CIT at __, 609 F. Supp. 3d at 1391. The court stated that "DTT USA filling out the import documentation based on the explicit and clear terms of Commerce's order and the associated 2006 IDM, does not, in accordance with statutory construction, comprise a material and false statement or omission." *Id* at __, 609 F. Supp. 3d at 1388. On March 21, 2023, Customs issued a second remand redetermination "under respectful protest" and determined that DTT USA did not evade the AD Order. *See* Final Remand Redetermination ("Second Remand Results"), ECF No. 92.

On July 28, 2023, the court issued a final judgment sustaining Customs' Second Remand Results. *See Diamond III*, 47 CIT __, 647 F. Supp. 3d. 1383.

On October 26, 2023, plaintiff filed its application for attorney fees. *See* Pl. App'n. The application requests "reasonable attorney fees" in the amount of $603,111.11 pursuant to the Equal Access to Justice Act ("EAJA"). *Id.* at 1 (citing 28 U.S.C. § 2412). Plaintiff maintains that it is entitled to receive attorney fees under the

EAJA because the government's position was not "substantially justified." *Id*. at 8-12

Plaintiff requests that the court apply a special factor in determining the attorney fees to be awarded pursuant to 28 U.S.C. § 2412(d)(2)(A). *Id*. at 12. Plaintiff requests further that this court award additional fees for paralegal services, alleges that DTT USA was forced out of business by Customs' actions and asks the court to take this alleged fact into account. *Id*. at 13-14.

On November 27, 2023, defendant filed a response in opposition to plaintiff's application, moving for the court to deny the application. *See* Def. Resp. .Defendant argues that (1) Customs' decision and position throughout the litigation was substantially justified and (2) special circumstances render attorney fees unjust. *Id.* at 1-2. Defendant contends further that even if DTT USA is entitled to attorney fees, the requested award is contrary to law and unreasonable due to: (1) DTT USA's failure to establish entitlement on the basis of a "special factor"; (2) DTT USA's failure to establish its entitlement to enhanced fees under the "Adjusted *Laffey* Matrix"; (3) DTT USA's incorrect calculation of its cost-of-living adjustment; (4) DTT USA's incorrect determination of paralegal fees; (5) DTT USA's impermissible request for attorney fees related to its unsuccessful claims; and (6) DTT USA's impermissible request of attorney fees for "excessive, irrelevant, vague, and duplicative time entries." *Id.* at 2.

This decision analyzes the first argument and concludes that the position of Customs and the government in the litigation was substantially justified, rendering improper an award of attorney fees in the instant action. Accordingly, the decision does not address the further arguments of plaintiff and defendant.

**JURISDICTION AND STANDARD OF REVIEW**

The court exercises jurisdiction pursuant to Section 517(g)(1) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1517(g)(1), and 28 U.S.C. § 1581(c). The court retains jurisdiction after issuing judgment to adjudicate parties' timely application for fees and expenses. *See* 28 U.S.C. § 2412(b), (d)(1)(A) (fees and other expenses awardable "in any civil action" brought against the United States "in any court having jurisdiction of that action"); USCIT R. 54.1 (applications for attorney fees and expenses "must be filed within 30 days after the date of final judgment").

Under the EAJA, the court may grant attorney fees and other expenses to the prevailing party in an action against the United States. 28 U.S.C. § 2412(a)(1), (d)(1)(A). The burden is on the government to demonstrate that the position it took in the action was substantially justified or that special circumstances exist making it unjust to grant the prevailing party fees and other expenses. *Scarborough v. Principi*, 541 U.S. 401, 414-15 (2004) (citations omitted); *Brewer v. Am. Battle Monuments Comm'n*, 814 F.2d 1564, 1569 (Fed. Cir. 1987) (citations omitted). The EAJA limits the court's review to the record of the civil action for which fees and other expenses are sought and the agency's action "upon which the civil action is based." 28 U.S.C. § 2412(d)(1)(B), (2)(D).

The EAJA provides that an application for attorney fees shall be filed "within thirty days of final judgment in the action," 28 U.S.C. § 2412(d)(1)(B), and provides further that "'final judgment' means a judgment that is final and not appealable," 28 U.S.C. § 2412(d)(2)(G); USCIT R. 54.1 (applications for attorney fees and expenses "must be filed within 30 days after the date of final judgment"). The court issued a final judgment

in the instant action on July 28, 2023.  *Diamond III*, 47 CIT __, 647 F. Supp. 3d. 1383.

The government did not file for appeal within the sixty-day window, and plaintiff's

application for attorney fees is therefore timely filed.  Fed. R. App. P. 4(a)(1)(B).

## DISCUSSION

**I.      Whether DTT is entitled to attorney fees under the EAJA**

   **A.      Legal framework**

The EAJA establishes that a prevailing party in an action against the United

States may recover attorney fees absent the government's showing that its position

"was substantially justified."  28 U.S.C. § 2412(d)(1)(A).  Specifically, the statute

describes the circumstances in which attorney fees may be appropriate:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

*Id.*  The prevailing party "seeking an award of fees . . . shall also allege that the position

of the United States was not substantially justified."  28 U.S.C. § 2412(d)(1)(B).  The

burden then shifts to the defendant, who must show that its position was substantially

justified.  *See Scarborough,* 541 U.S. at 404 (citing 28 U.S.C. § 2412(d)(1)(A)).

A position is "substantially justified" if it has a "reasonable basis in both law and

fact."  *Pierce v. Underwood*, 487 U.S. 552, 564-66 (1988).  Justification does not have to

be substantiated to a "high degree" but to "satisfy a reasonable person."  *Id.* at 565-66

(citations omitted); *Norris v. S.E.C.,* 695 F.3d 1261, 1265 (Fed. Cir. 2012) (citations

omitted).  Further, if the government demonstrates that it "adopted a reasonable, albeit

incorrect, interpretation of a particular statute or regulation" the position is "substantially justified." *Patrick v. Shinseki*, 668 F.3d 1325, 1330 (Fed. Cir. 2011) (citing *Pierce,* 487 U.S. at 566 n. 2); *see also Lacey v. Wilkie,* 32 Vet. App. 387, 390-91 (Aug. 18, 2020) (noting that a position taken by the government is substantially justified even when the interpretation is incorrect, so long as it was reasonable).

Section 2412(d)(1)(B) states further that "[w]hether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). Finally, when determining whether the government's position was substantially justified, the court considers the action as a whole and does not separately consider every position. *E.E.O.C. v. Memphis Health Ctr.,* 526 Fed. Appx. 607, 614 (6th Cir. 2013) (citing *Comm'r v. Jean*, 496 U.S. 154, 161-62 (1990)).

**B.     Analysis**

The EAJA delineates the standard for the award of costs when the United States is the defendant of an action, stating that a court:

> shall award to a prevailing party . . . any costs . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

Plaintiff met its burden of demonstrating that it is a "prevailing party" under the EAJA. The court concludes that plaintiff's burden is met because plaintiff's claim that there was not a material and false statement or act, or material omission prevailed. *See*

*Diamond I,* 45 CIT __, 545 F. Supp. 3d 1324*; Diamond II,* 46 CIT __, 609 F. Supp. 3d 1378*; Diamond III,* 47 CIT __, 647 F. Supp. 3d. 1383; Pl. App'n at 8-9.

Next, the court turns to the issue of whether the government was justified in litigating its position upon remand concerning Customs' finding of evasion and violation of EAPA upon remand. The court concludes that the government's position in the prior litigation was substantially justified because the underlying legal issues were ones of first impression. Accordingly, the court does not address the remaining factors and arguments raised by plaintiffs.

The position of the government at issue in the instant action was Customs' interpretation of EAPA. The case presented two questions of first impression for the court. The first was whether the statute was ambiguous as to "whether Customs, having referred a 'covered merchandise' matter to Commerce, is consequently bound by the timeline created by Commerce's initiation of a circumvention inquiry[.]" *Diamond I*, 45 CIT at __, 545 F. Supp. 3d at 1349. The court found that "the interaction between Customs' EAPA investigations and Commerce's scope inquiries, specifically a circumvention inquiry, [was] a novel one[.]" *Id.* Notably, the conclusion of the court in this case was not argued by plaintiff nor by any other party, including defendant. This circumstance highlights the novel nature of the legal issues presented.

The second question of first impression was whether plaintiff had made a "material and false statement or act, or material omission" within the meaning of EAPA. Pl. App'n at 9. Customs interpreted the term "false" in EAPA to mean "incorrect." First Remand Results at 4,13-14. This interpretation was not inconsistent with past rulings by Customs in other circumstances. Def. Resp. at 16 (citing *Investigation of Claims of*

*Evasion of an Antidumping and Countervailing Duties, Interim Regulations,* 81 Fed.

Reg. 56,477, 56,478 (Dep't of Homeland Security Aug. 22, 2016)).

To support its position for recovery of attorney fees, plaintiff relies on *Washington*

*v. Heckler,* in which the Third Circuit Court of Appeals ("Third Circuit") states that "[t]he

government's burden of showing substantial justification is a strong one and is not met

merely because the government adduces 'some evidence' in support of its

position."  Pl. App'n at 10 (citing 756 F.2d 959, 961 (3d Cir. 1985)).[2]  However, the

*Washington* court did not rest its decision solely on the language that plaintiff invokes.

*See Washington*, 756 F.2d at 962.  The Third Circuit noted that "the case law has not

prescribed a comprehensive formula for determining what constitutes a reasonable

basis in law" and concluded that "the government's legal position clearly offends

established precedent" and, therefore, "its position cannot be said to be 'substantially

justified.'"  *Id.* at 961-62, 968.  By contrast, in the instant action, there was no court

precedent with respect to the narrow circumstances presented by plaintiff's EAPA claims

at the time of litigation, rendering the decision in *Washington* inapposite.

Moreover, in a more recent case, *Shock v. United States*, the First Circuit Court

of Appeals held that "when the issue is a novel one on which there is little precedent,

courts have been reluctant to find the government's position was not substantially

justified."  254 F.3d 1, 6 (1st Cir. 2001) (citing *Washington*, 756 F.2d at 961-62 (citations

omitted)).  In fact, plaintiff conceded that "prior to this action, there were [sic] only a

---

[2] The Third Circuit stated that the government is "substantially justified" if the
government's position is reasonable in both law and fact.  *Tressler v. Heckler,* 748 F. 2d
146, 149 (3d Cir. 1984) (citing *Dougherty v. Lehman,* 711 F. 2d 555, 563 (3d Cir 1983)).

handful of cases in this Court that addressed EAPA generally and no cases that addressed the culpability requirements of that statute."  Pl. App'n 12.

Customs' publication of the past interpretation in the Federal Register is more than "some evidence" and constitutes a substantially justified position because it reflected a reasonable "interpretation of a particular statute."  *Washington,* 756 F. 2d at 961 (citing *Tressler,* 748 F. 2d at 150); s*ee also Patrick,* 668 F. 3d at 1330 (citing *Pierce,* 487 U.S. at 566).

The government's arguments "were not ultimately persuasive"; however, "they were nevertheless reasonable arguments at the time they were advanced."  *Keirton USA, Inc. v. United States*, 47 CIT __, __, 627 F.Supp.3d 1342, 1349 (2023).

## CONCLUSION

For the foregoing reasons, the court denies plaintiff's application for attorney fees.

**ORDERED** that DTT USA's application for fees is denied.


/s/      Timothy M. Reif
Timothy M. Reif, Judge

Dated:     March 1, 2024
          New York, New York